## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LISA M. RAINEY,

        Appellant,

        v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,

        Agency.

DOCKET NUMBER
DE-315H-16-0313-I-1

DATE: October 4, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lisa M. Rainey, Mountain Top, Pennsylvania, pro se.

Dawn M. Wilkie, Minot, North Dakota, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of an allegedly involuntary resignation. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective April 3, 2016, the appellant received a career-conditional excepted-service appointment to a GP-15 Medical Officer (ER) position subject to the successful completion of a 1-year trial period. Initial Appeal File (IAF), Tab 11 at 6. On April 11, 2016, she resigned her position, ostensibly "due to personal responsibilities." *Id.* at 7-8. She thereafter filed an appeal in which she claimed that she was terminated from her position for pre-appointment reasons. IAF, Tab 1. After the agency submitted its file and it became apparent that the appellant had resigned, the administrative judge issued a show cause order informing the appellant that it appeared that the Board lacked jurisdiction over her allegedly involuntary resignation and directing her to submit evidence and argument establishing Board jurisdiction. IAF, Tabs 11, 13. After considering the appellant's responses, the administrative judge dismissed the appeal on the written record upon finding that the appellant failed to make a nonfrivolous allegation that her resignation was involuntary. IAF, Tab 18, Initial Decision (ID) at 3-5.

¶3 An employee-initiated action, such as a resignation, is presumed to be voluntary unless the appellant presents sufficient evidence to establish that the

action was obtained through duress, coercion, or misinformation, or if the appellant demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to resign. *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 8 (2009), *aff'd*, 361 F. App'x 134 (Fed. Cir. 2010). The reasonable person test is an objective test and does not depend on the appellant's subjective characterization of the agency's actions. *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). Furthermore, when an appellant raises allegations of discrimination in connection with an involuntariness claim, evidence of discrimination may be considered only in terms of the standard for voluntariness. *Id.* at 578. Thus, in an involuntary resignation appeal, evidence of discrimination goes to the ultimate question of coercion, i.e., whether under all of the circumstances, working conditions were made so difficult by the agency that a reasonable person in the employee's position would have felt compelled to resign. *Id.*

¶4 The appellant contended below that she and the agency got into a dispute about her credentials during which an agency official threatened to report her to the National Practitioner Data Bank, which would affect her ability to obtain employment as a physician, so she felt she had no choice but to resign. IAF, Tab 14 at 3, Tab 15 at 3. She also asserted that she was coerced to resign because of extreme duress in the form of abusive verbal badgering and threats. IAF, Tab 15 at 3. The administrative judge found that these arguments did not constitute a nonfrivolous allegation of jurisdiction, and we agree. The appellant was only on the job for approximately a week; she could have stayed and attempted to resolve the issues with her credentials. She was under no particular time pressure. She does not claim that it was anything but her idea to resign. She does not assert that there was any pending action against her or that the agency provided her any false or misleading information that influenced her decision. As the administrative judge correctly found, an employee's decision is not rendered

involuntary because she must choose between unpleasant alternatives. *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed. Cir. 1987); *Loredo v. Department of the Treasury*, 118 M.S.P.R. 686, ¶ 9 (2012).

¶5  As to the allegations of verbal abuse, the appellant does not describe what was said to her, how often, or over how many days (although it could not have lasted longer than her brief tenure at the agency). A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *Williams v. Department of Agriculture*, 106 M.S.P.R. 677, ¶ 10 (2007). The appellant has not presented allegations of fact subject to proof; instead she has presented the Board with her conclusions and interpretations concerning the facts. Because the standard for involuntariness is an objective one, the Board must consider the facts that led to the appellant's subjective conclusions to determine whether a reasonable person in her position would have found working conditions so intolerable that she had no choice but to resign. Because the appellant has not presented those facts, the Board is unable to determine whether her allegations meet the reasonable person test, and, therefore, the appellant has not made a nonfrivolous allegation that her resignation was involuntary due to coercion.

¶6  On review, the appellant raises a number of arguments that are not relevant to the issue of jurisdiction. Petition for Review (PFR) File, Tab 1. For example, she presents an email confirming her selection, a leave accrual agreement, and her own email stating that no patients were under her care while she was employed by the agency. *Id.* at 3-5. She also submits a copy of her resignation letter, copies of certain Board regulations, a print-out of her record from the National Practitioner Data Base, and what appears to be a civil service rule of the San Francisco police department. *Id.* at 2, 6, 11, 14-18. These documents are already in the record and thus are not new and material evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

¶7    The appellant also contends on review that she did not resign; she "withdrew her application." PFR File, Tab 1 at 7. Below, the appellant represented her separation as a probationary termination until the agency came forward with evidence establishing that she resigned. However, after the administrative judge issued his jurisdictional show cause order, the appellant appeared to concede that she resigned. The appellant may have used the phrase "withdraw my application," but she had been selected and appointed and entered on duty at that point. She was no longer an applicant in a position to withdraw her application. The only logical way to interpret her choice of words is that she resigned. Moreover, in her response to the administrative judge's jurisdictional show cause order, she asserted that her resignation was meaningless because she had not performed any of the duties for which she had been hired, but she did not claim that she had not resigned. IAF, Tabs 15-16. We find, therefore, that the administrative judge correctly concluded that the appellant resigned her position.

¶8    For the first time on review, the appellant alleges that the Medical Director made a "coercive attempt to force me to sign a letter of resignation that he composed." PFR File, Tab 1 at 9. The administrative judge's jurisdictional show cause order clearly put the appellant on notice that this was precisely the sort of claim she would need to make to raise a nonfrivolous allegation of jurisdiction warranting a jurisdictional hearing. IAF, Tab 13. The facts of this alleged attempt at coercion were certainly known to her before the record closed below, and she has offered no explanation as to why she has waited until now to raise this very important assertion. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not made such a showing.

¶9    Finally, the appellant objects for the first time that the administrative judge contacted her and insisted she participate in an immediate unscheduled telephonic

status conference. PFR File, Tab 1 at 10, 22. The appellant contends that she was unprepared and did not know that "professionally trained agents" from the agency also would be participating. *Id.* She alleges that she experienced the status conference as an adversarial proceeding at which the agency representatives were permitted to criticize her remarks and the administrative judge interrupted her. *Id.* at 10, 22. These assertions do not provide a basis for setting aside the initial decision.

¶10    Accordingly, we find that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

---

[2] The administrative judge afforded the appellant mixed-case review rights. ID at 9-10. However, in the absence of Board jurisdiction, this is not a mixed case. We have provided the appellant the proper review rights here. *See, e.g.*, *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605 (2009).

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.